[Civ. No. 14004.   Second Dist., Div. Two.   Apr. 14, 1943.]

MINNIE HOWARD, Respondent, v. HOWARD & SMITH, INC. (a Corporation) et al., Appellants.

Kent Allen for Appellants.

Sylvan Y. Allen for Respondent.

McCOMB, J.—This is an appeal from an order taxing costs. The sole question necessary for us to determine is:

■ *Did the trial court properly tax as costs sums incurred by plaintiff for the taking of depositions of defendants Howard and Smith?*

This question must be answered in the affirmative. The reasonable cost of (1) taking and transcribing a deposition, and (2) one copy of such deposition, are proper items of costs, unless it appears to the satisfaction of the trial court that the taking of such deposition was unnecessary. (Sec. 1032a, Code of Civ. Proc.)

In the present case the affidavits before the trial judge disclosed that April 18, 1941, plaintiff filed a complaint as a stockholder of defendant corporation, seeking an order requiring defendants to make available to plaintiff the records of defendant corporation. July 25, 1941, defendants' attorney wrote the attorney for plaintiff a letter, granting permission to plaintiff to examine the books of defendant corporation. Thereafter, the minute books of defendant corporation were deposited with plaintiff's attorney. However, before plaintiff's attorney had completed his examination thereof, defendants' attorney requested that they be returned to him, promising that they would be redelivered for further examination. Subsequently when plaintiff's attorney requested the minute books, defendants' attorney informed him that his client, defendant corporation, was unwilling to release the books for further inspection, and that they could not be obtained except on a court order. Thereafter plaintiff proceeded to take the depositions of defendants Howard and Smith, serving upon them subpoenas duces tecum to produce the minute books and records of defendant corporation for inspection and examination.

At the time of the taking of these depositions plaintiff was afforded the opportunity of inspecting the records of defendant corporation with the result that plaintiff obtained the relief she sought in the action which had been instituted. Thereafter, upon motion of defendants, the action was dismissed upon the ground that the questions therein presented had become moot.

Applying the above stated rule of law to the facts as disclosed by the affidavit of plaintiff's attorney, Sylvan Y. Allen, it is clear that the questions presented in the action did not become moot until after the depositions of Messrs. Howard and Smith had been taken, and that it was necessary to take such depositions in order to obtain the information which plaintiff sought. It is, therefore, evident that the

taking of the depositions was necessary, and the trial judge in taxing costs properly allowed plaintiff the reasonable cost incurred in taking such depositions.

The order is affirmed.

Moore, P. J., and Wood (W.J.), J., concurred.